USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGELO CARO,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------------X

09 Civ. 3120 (RMB) (GWG)

**DECISION & ORDER**

## I. Background

On or about April 1, 2009, pro se petitioner Angelo Caro ("Petitioner" or "Caro") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") against the United States of America ("Respondent") seeking "to vacate, set aside, or correct" his sentence of 135 months incarceration (and five years of supervised release) entered on March 11, 2003. The sentence followed Petitioner's guilty plea to conspiracy to possess with intent to distribute one kilogram of heroin in violation of 21 U.S.C. § 846. (Pet. at 1.)[1]

Petitioner alleges, among other things, that: (1) the Court should toll Petitioner's time to file the Petition "under [the] Doctrine of Excusable Neglect"; and (2) the Court "wrongfully, in light of [United States v. Booker, 543 U.S. 220 (2005)], imposed a [two-point] firearm enhancement" at sentencing. (Pet. at 2 (internal quotations omitted).)

On or about July 2, 2009, the Government filed a memorandum in opposition ("Opposition") to the Petition, in which it argues, among other things, that: (1) "Caro's

---

[1] Petitioner appealed his conviction on September 10, 2003 (three days before Petitioner's conviction "became final for purposes of computing the one-year statute of limitations"). On or about June 10, 2004, he "stipulated and agreed . . . that Appellant withdraws his appeal under Docket No. 03-1554, with prejudice." (Stipulation to Withdraw Appeal with Prejudice, [#152], No. 01 Cr. 945 (June 10, 2004).)

[Petition], filed over five years after his conviction became final, is clearly time-barred" under 28 U.S.C. § 2255(f)(1)"; and (2) "even if this Court were to reach the merits of Caro's claim it would necessarily fail, because the enhancement was entirely appropriate under applicable law." (Opp'n at 2, 12.)

On October 14, 2009, United States Magistrate Judge Gabriel W. Gorenstein, to whom the matter had been referred, issued a thorough report and recommendation ("Report"), recommending that: (1) the Petition be denied as time-barred because Petitioner "has not shown that extraordinary circumstances prevented him from filing this [P]etition within the one-year period of limitation"; and (2) assuming, arguendo, that the Petition were timely filed, Petitioner's reliance on Booker, 543 U.S. 220, is misplaced because "the Second Circuit has held that Booker is not retroactive and does not apply to cases on collateral review." (Report at 6 n.4, 7 (internal quotations omitted).)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections." (Report at 8.) To date, neither party has submitted objections.

**For the reasons stated herein, the Report is adopted in its entirety and the Petition is denied.**

## II.     Standard of Review

Where no timely objections have been made to the magistrate judge's recommendations, the Court may adopt those portions which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

2

Where, as here, a petitioner is proceeding pro se, the Court will construe the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 13 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. Having conducted a review of, among other things, the Petition, the Report and applicable legal authorities, the Court concludes that the Report is not clearly erroneous and is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

### (1) Equitable Tolling

Judge Gorenstein properly concluded that Petitioner cannot benefit from the equitable tolling doctrine because, among other reasons, "[Petitioner] has not shown that extraordinary circumstances prevented him from filing this petition within the one-year period of limitation . . . [n]or has he shown that he acted with reasonable diligence." (Report at 7); see Smaldone v. Senkowski, No. 99 Civ 3318, 2000 U.S. LEXIS 10928, at *13 (E.D.N.Y. Aug. 3, 2000), aff'd, 273 F.3d 133, 138 (2d Cir. 2001); see also Alaouie v. Ercole, No. 08 Civ 3277, 2009 U.S. LEXIS 58733 at *5 (S.D.N.Y. July 8, 2009). The Petition here was filed over five years late. See 28 U.S.C. § 2255(f)(1); see also Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000); Johnson v. U.S., 544 U.S. 295, 297 (2005)

### (2) Enhancement

Judge Gorenstein properly concluded that, to the extent Petitioner's argument relies upon the doctrine articulated in Booker, that argument "must be rejected inasmuch as the Second

3

Circuit has held that Booker 'is not retroactive' and 'does not apply to cases on collateral review.'" (Report at 5, 6 n.4 (quoting Guzman v. United States, 404 F.3d 139, 141 (2005)); see also Thristino v. United States, 379 F. Supp. 2d 510, 516–17 (S.D.N.Y. 2005); U.S. v. Clark, No. 06 Civ. 9884, 2008 WL 2428223, at *4 (S.D.N.Y. June 12, 2008).

### IV.  Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V.  Conclusions and Order

For the reasons stated herein, the Report is adopted in its entirety and the Petition [# 1] is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: March 11, 2010
New York, New York

*RMB*
_____
**RICHARD M. BERMAN, U.S.D.J.**

4